UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY THOMAS,

                              Petitioner,

        v.                                               Case # 16-CV-6132-FPG

                                                         DECISION AND ORDER
DALE ARTUS,

                              Respondent.


        *Pro se* Petitioner Jeffrey Thomas has asked this Court to stay his current habeas petition

and to hold it in abeyance pending his return to New York State Court so that he can attempt to

exhaust two claims that he wishes to have this Court ultimately review.  Specifically, he states

that "[s]hortly after filing his habeas corpus petitioner learned that the third count in the

indictment has several Federal and/or State jurisdictional defects, and speedy trial violation."

Petitioner requests the "opportunity to go back to the Appellate Court via a Writ of Error Coram

Nobis alleging that Appellate Counsel was ineffective for failing to identify and brief these

issue(s) before the Appellate Court on direct appeal when the State Court could have corrected

the matter."  ECF No 3.  For the following reasons, that application is DENIED.


                              DISCUSSION

        Under *Rhines v. Weber*, 544 U.S. 269 (2005), a stay and abeyance to allow a habeas

petitioner to exhaust his unexhausted claims may be appropriate where (1) the petitioner had

good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and

(3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See*

*Rhines*, 544 U.S. at 278.  In order for this Court to grant Petitioner's application, he must satisfy all three elements. *See id.*

Petitioner has failed to demonstrate the required "good cause" for this Court to grant his requested relief.  As Respondent notes, ignorance of the law is the only reason Petitioner has offered for his failure to timely exhaust his new claim.  Petitioner explains that, after his federal petition was filed, an Attica Correctional Facility law library clerk alerted him to the existence of the new legal issue. See ECF No. 3, ¶¶ 5, 7.  However, Petitioner does not, and cannot, contend that he was previously ignorant of the new claims' factual predicates, which are (1) the indictment, which he claims is facially defective; and (2) the pre-trial proceedings in state court, for which he was present.  Indeed, numerous cases stand for the proposition that a *pro se* petitioner's previous ignorance of a legal ground for habeas relief (and in situations remarkably similar to this case) does not constitute "good cause" under the Supreme Court's decision in *Rhines.  See, e.g.*, *Williams v. Sheehan*, No. 11-CV-2435, 2014 WL 3734332, at *9 (E.D.N.Y. July 28, 2014) (finding no good cause where, as here, the *pro se* petitioner had first learned of a new federal claim in speaking with a correctional facility law library clerk after filing the petition); *Craft v. Kirkpatrick*, No. 10-CV-6049, 2011 WL 2622402, at *10 (W.D.N.Y. July 5, 2011)  (finding no good cause where the *pro se* petitioner was recently informed of his new federal claim by his inmate legal assistant).

Further, Petitioner has rather astutely not requested permission to file a C.P.L. 440.10 motion to vacate to exhaust his speedy trial and defective indictment claims.  Were he to file such a motion, the trial court would be mandated to deny the claims under C.P.L. 440.10(2)(c), because sufficient facts appeared on the record to permit direct review of the claims, but he unjustifiably failed to raise them on direct appeal. These claims would be procedurally defaulted

under the adequate and independent state ground doctrine, and it would be futile to permit amendment of the Petition to add them here, since federal habeas courts cannot review the merits of procedurally defaulted claims unless a petitioner shows cause and prejudice to excuse the default, or that he is actually innocent, none of which this Petitioner has attempted to show.  *See Mills v. Girdich*, 614 F. Supp.2d 365, 380 (W.D.N.Y. 2009) ("[A]s discussed above, the claims are subject to an unexcused procedural default under the adequate-and-independent state ground doctrine. Therefore, they are precluded from further federal habeas review.").

Petitioner has not shown the required "good cause" for the relief he requests, and he cannot do so on this record.   *See Rhines*, 544 U.S. at 277. ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is *only* appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.") (emphasis supplied).  As such, his request must be denied.

Finally, even though the failure to establish "good cause" is dispositive of this application, the Court makes two brief observations about the merits of these potential claims. First, the defective indictment claim is likely not cognizable on federal habeas review. *See Beverly v. Walker*, 899 F. Supp. 900, 909 (N.D.N.Y. 1995), *aff'd,* 118 F.3d 900 (2d Cir. 1997) ("A defect in a state indictment can only support a federal habeas claim if the indictment falls below basic constitutional standards.").  Second, if Petitioner is attempting to now raise a New York State Speedy Trial Act claim premised on C.P.L. 30.30, that is also not cognizable on federal habeas review. *See  Gibriano v. Attorney Gen. of the State of N.Y.*, 965 F. Supp. 489, 491–92 (S.D.N.Y.1997) (denying habeas relief and noting that "Section 30.30 [of the C.P.L.]  is a statutory time in which the People of New York must be ready for trial; Section 30.30 is not, as

such, a statutory embodiment of the constitutional guarantee to a speedy trial."). Regardless, since Petitioner has not established the required "good cause" for his failure to exhaust, that failure is dispositive of this application and requires that it be denied.


<u>CONCLUSION</u>

For all of these reasons, Petitioner's Motion for a stay and abeyance of his federal habeas Petition (ECF NO. 3) is DENIED.


IT IS SO ORDERED.

DATED:        Rochester, New York
              March 20, 2017

                                        _____
                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court